Emanuel *vs.* Smith & Richmond.

---

NATHAN EMANUEL, plaintiff in error, *vs.* SMITH & RICH-MOND, defendants in error.

1. When a case of garnishment is called in its order on the docket, at the second term of the Court, after the service of the summons of garnishment, and after final judgment against the defendant, and the garnishee has failed to answer, and the Court allows judgment to be entered against the garnishee, this Court will not control the discretion of the Court below, (unless in extraordinary cases,) in refusing to set aside such judgment after it is signed, to allow the garnishee to answer.

2. It is the duty of the Court, if the final judgment has not been rendered against the defendant at common law or in attachment, to continue the case against the garnishee till after the rendition of such judgments.

Garnishment. *Certiorari.* Decided by Judge CLARK. Sumter Superior Court. April Term, 1869.

Emanuel *vs.* Smith & Richmond.

Smith & Richmond sued one Hay in the County-Court, and garnisheed Emanuel. Emanuel did not answer the garnishment at the first term, nor at the second term, until they had obtained a judgment against Hay, and until the garnishment having been called, they had leave of the Court to enter judgment also against the garnishee, and their attorney had entered judgment against him, and handed it to the Clerk to be entered on the minutes of the Court. On the same day, and before the Clerk had entered the judgment on the minutes, and while a jury was empanelled, Emanuel appeared, and by his counsel, moved to set aside the judgment against him. At the same time, he filed his answer, denying that he had anything belonging to Hay, or owed him anything. He put this claim upon the ground that Emanuel could file his answer any time during that term, and that Emanuel was not called before judgment was entered against him.

The County-Judge overruled the motion, and a *certiorari* was sued out to reverse his judgment. After this, Hay appealed from the judgment against him. This appeal and *certiorari* both pending in the Superior Court, and the County-Court having been abolished, and its business having been turned over to the Superior Court, Emanuel's counsel invoked the aid of said appeal, and moved to set aside the judgment against Hay. The Judge would not set it aside, and his refusal is assigned as error.

Hawkins & Burke, N. A. Smith, for plaintiff in error.

Goode & Carter, S. H. Hawkins, for defendant in error, said the judgment could not be set aside; Code, secs. 3491, 3228, *Millet vs. Price*, 32 *Ga. R.*, *Harris vs. Breed*, 38 *Ga. R.*, Dec., 1868; Constitution, Art. XI, sec. 5; that the appeal did not make it void; Code, secs. 3511, 3530, 3572, 3491, 3484; Drake on Attachment, 658, E.

BROWN, C. J.

1. It is the duty of the garnishee to appear at the second term of the Court, and file his answer. This should be done before the case is reached in its order on the docket. If the garnishee appears when the case is called in its order, the Court may allow him time to file his answer before it is heard. But, if he fails to appear and answer, and the case is disposed of in its order on the docket, and the presiding Judge refuses to set aside the judgment rendered against the garnishee, this Court will not, (unless in extraordinary cases,) control the discretion of the Court below. See *Harris vs. Breed & Co.*, 38 *Ga. R.*, 297.

2. But we think this judgment should have been set aside on the ground that no final judgment had been rendered against Hay, the defendant in the action at common law. Section 3491 of the Revised Code declares that the plaintiff shall not have judgment against the garnishee, unless he has obtained judgment against the defendant. We think this means *final* judgment against the defendant. And this view is strengthened by reference to the latter part of section 3228 of the Code, which says: The Court may continue the case (against the garnishee) until *final* judgment is rendered against the defendant in attachment. In this case judgment had been rendered against the defendant in the common law action, out of which the garnishment sprung; but an appeal had been entered, and the case was still pending in the Court below.

Under these circumstances, we are of the opinion that the judgment against the garnishee should have been vacated till final judgment against Hay.

Judgment reversed.